IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, | 2:10-cv-11366-AC-MJH |
| Plaintiff, | |
| v. | Honorable Avern Cohn |
| GENERAL MOTORS LLC, | Magistrate Judge Michael Hluchaniuk |
| Defendant. | |

STIPULATED CONFIDENTIALITY PROTECTIVE ORDER BETWEEN
PLAINTIFF UAW AND DEFENDANT GENERAL MOTORS LLC

This matter having been presented to the Court by joint submission of Plaintiff International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") and defendant General Motors, LLC ("General Motors"), and in accordance with Federal Rule of Civil Procedure 26(c), Eastern District of Michigan Local Rule 5.3, and for good cause shown, it is hereby ORDERED that:

1.      This Stipulated Confidentiality Protective Order ("Order") shall govern:  (i) all Documents produced by UAW or General Motors in these proceedings, including confidential Documents or information previously exchanged between the parties; and (ii) any confidential Testimony given in these proceedings.  The preceding two categories include, but are not limited to, document productions, interrogatory answers, responses to requests to admit, depositions, and any other discovery materials.  This Order shall also govern all information derived from such

Documents and Testimony that is not publicly available, and all copies, excerpts or summaries of

such Documents and Testimony.  This Order shall apply to the UAW and its attorneys of record,

General Motors and its attorneys of record, any clerical personnel, representative, agent or

Professional employed, hired or engaged by any party or its attorneys, and any third-party

involved in discovery.

      2.      For purposes of this Order, the following terms are defined as follows:

      A.      "Person" shall mean all natural persons, corporations, unincorporated

associations, partnerships, joint ventures, unions, organizations or other artificial persons

of any kind no matter how identified or how organized.

      B.      "Professional" shall mean any representative, agent, or professional

employed, hired or engaged by a Party or its attorneys for purposed of this litigation,

including but not limited to consulting or testifying experts.

      C.      "Document(s)" shall have the full meaning ascribed to it under Federal

Rule of Civil Procedure 34.

      D.      "Testimony" includes all depositions, examinations and discovery

responses given pursuant to Federal Rule of Civil Procedure 26, including but not limited

to Federal Rules of Civil Procedure 26-31 and 33-36.

      E.      "Party" or "Parties" includes persons within the control group of, or

affiliated with, any corporate entity, organization, union and local union.

      3.      Any Documents, Testimony, or other materials that a Party or counsel for a Party

represents as containing confidential information may be designated as "Confidential" by that

Party if the Party or counsel certifies that it has a good faith belief that the Document,

Testimony, or materials contains any of the following categories of information:

        A.      Proprietary business or internal financial information of General Motors, the UAW, or the UAW Retiree Medical Benefits Trust;

        B.      Trade secrets or other confidential research, development or commercial information;

4.      A designation of Confidential may be made at any time, except as otherwise provided by this Order.

5.      With respect to a Document, the designation of confidentiality shall be made by placing or affixing a stamp or marking upon the Document (in such a manner as will not interfere with the legibility thereof), providing notice that the Document is confidential. The placement or affixing of this stamp or marking shall constitute the designating Party's or counsel's certification that designation is in accordance with the above definition of "Confidential."

6.      With respect to deposition or examination Testimony, all such Testimony shall automatically be deemed confidential until twenty-one (21) days after copies of the deposition transcripts are provided to the Parties' counsel. After receiving the transcript, a Party may designate in a separate writing the page(s) and line number(s) of the Testimony given in the deposition that the Party deems confidential. A designation made within the 21-day period shall be effective as of the date such Testimony was given. A designation made after the end of that 21-day period will not be effective until received by the other Parties. Each Party possessing a copy of the transcript shall affix or mark the word "Confidential" on each page that is so designated in a manner that identifies the specific lines that are included within that designation.

7.      With respect to any Testimony, Documents or other written materials containing or revealing information designated confidential pursuant to this Order, any such material that is filed shall be filed under seal pursuant to Eastern District of Michigan Local Rule 5.3, with a designation that the material contained therein is to be treated as confidential pursuant to the

terms of this Order.  If oral argument is requested on any matter that requires disclosure of confidential information, any Party that seeks to disclose such information at argument shall indicate this fact to counsel for the other Parties before the hearing of the matter.  All transcripts of such hearings shall be deemed confidential and filed under seal pursuant to the terms of this Order.

8.       Whenever any Party objects to another Party's designation of Testimony or a Document as confidential, the objecting Party must so notify counsel for the designating Party in writing, setting forth the reasons supporting such objection.  The designating Party shall respond in writing to any notification within seven (7) days of its receipt, or such longer period as may be agreed to in writing by counsel for the objecting and designating Parties, by either (i) modifying or withdrawing all or part of the designation as confidential information, or (ii) declining to redesignate any part of such designation, setting forth the reason(s) supporting the designation as confidential.

9.       Within seven (7) days of a notification that the designating Party refuses to reclassify the Testimony or Document as non-confidential, counsel for the objecting Party and counsel for the designating Party shall confer in good faith in an attempt to resolve the issue.  If the Parties are unable to agree, the designating Party may, within seven (7) days after the conference, make an application to the Court for an order upholding the confidential treatment for the particular information in question.  If the designating Party fails to file such a motion within this time period, the Testimony or Document in question may be treated as if it had not been designated as confidential information.  Notice of any such motion shall be served upon the objecting Party's counsel of record.

10.     The burden of establishing that a Document or Testimony is entitled to treatment as confidential information rests on the designating Party.  A Document designated as confidential shall be regarded and treated as confidential in accordance with this Order until a contrary determination is made by the Court, or, in the event of an immediate interlocutory appeal, by the Court of Appeals.

11.     The Parties, their counsel, and any Professional retained by or for any of the Parties or their counsel may use a Document or Testimony as defined in paragraph 2C and 2D above that has been designated confidential for the sole purpose of prosecuting, defending, or settling claims in these proceedings, and for no other purpose, reason or action.  The Parties, their counsel, and any Professional retained by or for any of the Parties or their counsel, shall not disclose, make available, or communicate any Document or Testimony designated confidential, or summaries of such information or Documents, to any Persons or entities except the following:

      A.     Clerical personnel directly employed by or retained by any of the Parties or their counsel in connection with these proceedings;

      B.     The author and addressee(s) of the particular Document designated as confidential;

      C.     The Court and any Persons employed by it in connection with these proceedings;

      D.     Deposition, hearing, and trial transcript reporters in these proceedings;

      E.     Persons before whom depositions or examinations may be taken in the United States;

      F.     Any witness or representative of any of the UAW or General Motors from whom Testimony is or in good faith may be taken by any Party in these proceedings;

G.     Any Professional hired, retained or engaged by any Party or its counsel in these proceedings, including clerical personnel directly employed by or retained by such Professional;

provided, however, that any such Persons identified in subsections E, F and G above shall be advised of and shown a copy of this Order and shall execute the written acknowledgment attached as Exhibit 1 hereto prior to receiving access to any Document or Testimony designated as confidential.

12.     If a witness from whom Testimony is or may in good faith be taken, or clerical personnel employed or retained by any of the Parties or their counsel, review any Document or Testimony covered by this Order, such Persons shall be advised of and shown a copy of this Order.

13.     Nothing herein shall be construed to affect in any way the admissibility of any Document, Testimony or other evidence in regard to motion practice or at any hearing or trial, or be deemed a waiver of a Party's right to object to any discovery request, Testimony, line of questioning or admission into evidence of any Document in regard to motion practice or at any hearing or trial.

14.     Nothing herein shall limit any Person's use of his own Documents or information for any purpose.

15.     The inadvertent production of privileged or work product Documents will not waive the privilege or work product protection.  Upon written request, accompanied by a good faith representation by the producing Party that the production of privileged or otherwise protected materials was inadvertent, any inadvertently produced privileged materials shall be returned promptly to the producing Party, with all copies destroyed and such destruction

certified.  In the event the receiving Party disputes the claim of privilege or protection by the

producing Party and the parties are unable to resolve the dispute, the receiving party may then

move the Court for an order compelling production of that material.  The subject material shall

not be used for any purpose until the Court has ruled on the motion.

16.     Within ninety (90) days of the termination of these proceedings, all Documents

designated as confidential and all copies thereof (and any summaries or exhibits of such

Documents, except attorney work product) in the custody of any Party, its counsel, and those to

whom any Party or its counsel have disclosed such Documents, shall be delivered to counsel for

the Party that produced the Documents.  In lieu of returning such Documents, counsel for the

Party that produced the Documents designated as confidential may agree to accept a written

certification executed in accordance with 28 U.S.C. § 1746 stating that all such Documents,

copies, summaries and exhibits have been destroyed.  For purposes of this agreement,

"termination" as used in this paragraph shall occur upon final judgment being entered in this

case, including final adjudication of any appeal or petition for certiorari.

17.     The terms of this Order shall survive and remain in full force and effect after the

termination of these proceedings.  The Court retains jurisdiction to enforce the terms of this

Order, and UAW and General Motors consent to venue and jurisdiction in this Court for

purposes of any action to enforce the terms of this Order.

18.     The terms of this Order are subject to modification only upon written agreement

of the Parties and by Order of the Court.

Entered:  January 26, 2012                              s/Avern Cohn_____
                                                        U.S. District Court Judge

AGREED:


DATED: January 26, 2012

By: /s/  Andrew D. Roth
Andrew D. Roth (DC Bar 414038)
aroth@bredhoff.com
Ramya Ravindran (DC Bar 980728)
rravindran@bredhoff.com
Bredhoff & Kaiser, PLLC
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C.  20005
(202) 842-2600

Jeffrey D. Sodko (P65076)
jsodko@uaw.net
Associate General Counsel,
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan  48214
(313) 926-5216

Counsel For Plaintiff UAW

By: /s/   Robert S. Walker
Robert S. Walker (0005840)
*(Admitted to E.D. Mich. 08/18/93)*
rswalker@jonesday.com
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone (216) 586-3939
Facsimile (216) 579-0212

Edward W. Risko (Michigan Bar No. P36699)
edward.w.risko@gm.com
General Motors, LLC
300 Renaissance Center
Detroit, Michigan  48265
Telephone:  313-665-4920
Facsimile:    248-267-4268

Counsel For Defendant
General Motors, LLC

8

ACKNOWLEDGMENT OF STIPULATED CONFIDENTIALITY PROTECTIVE
ORDER BETWEEN UAW AND DEFENDANT GENERAL MOTORS

_____, states as follows:

1.      I have read and understand the terms of the Stipulated Confidentiality Protective

Order entered by the Court in the above-captioned proceeding and understand my obligations

thereunder.

2.      I agree to abide by all terms and conditions of the Order as those may apply to

me, and hereby consent to venue and jurisdiction in the United States District Court for the

Eastern District of Michigan in connection with any action relating to enforcement of the terms

of the Order.

Dated this _____ day of _____, _____.

_____
Signature

_____
Printed Name

Exhibit 1