# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,** | 2:10-cv-11366-AC-MJH |
| Plaintiff, | |
| v. | **Honorable Avern Cohn**<br>**Magistrate Judge Michael Hluchaniuk** |
| **GENERAL MOTORS LLC,** | |
| Defendant. | |

### SUPPLEMENTAL DECLARATION OF RAMYA RAVINDRAN
### IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Ramya Ravindran, hereby declare:

1.      I am an associate at Bredhoff & Kaiser P.L.L.C. and one of the counsel of record for the plaintiff UAW in the above-captioned litigation.  I am a member in good standing of the Bar of the District of Columbia.

2.      On May 25, 2012, the deposition of David Curson was taken in this matter and recorded by a court reporter.  Exhibit 48 to the UAW's Reply Memorandum in Support of Its Motion for Summary Judgment and in Response to Defendant General Motors LLC's Motion for Summary Judgment ("UAW's Reply Memorandum") is a true and correct copy of an excerpt from the deposition transcript of David Curson.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

3.      On September 13, 2012, the deposition of Blackstone Advisory Partners was taken in this matter and recorded by a court reporter pursuant to Federal Rule of Civil Procedure 30(b)(6).  Erik Lisher was the designated representative who gave testimony on behalf of Blackstone Advisory Partners.  Exhibit 49 to the UAW's Reply Memorandum is a true and correct copy of an excerpt from the deposition transcript of Blackstone Advisory Partners.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

4.      On July 27, 2012, the deposition of Frederick Henderson was taken in this matter and recorded by a court reporter.  Exhibit 50 to the UAW's Reply Memorandum is a true and correct copy of an excerpt from the deposition transcript of Frederick Henderson.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

5.       On September 4, 2012, the deposition of Francis Jaworski was taken in this matter and recorded by a court reporter.  Exhibit 51 to the UAW's Reply Memorandum is a true and correct copy of an excerpt from the deposition transcript of Francis Jaworksi.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

6.       On July 10, 2012, the deposition of Daniel Sherrick was taken in this matter and recorded by a court reporter.  Exhibit 52 to the UAW's Reply Memorandum is a true and correct copy of an excerpt from the deposition transcript of Daniel Sherrick.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

7.       On October 17, 2012, the deposition of Adil Mistry was taken in this matter and recorded by a court reporter.  Exhibit 53 to the UAW's Reply Memorandum is a true and correct copy of an excerpt from the deposition transcript of Adil Mistry.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

8.       Exhibit 54 to the UAW's Reply Memorandum is a true and correct copy of an excerpt of the Order (I) Authorizing Sale Of Assets Pursuant To Amended And Restated Master Sale And Purchase Agreement With NGMCO, Inc., A U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With The Sale; And (III) Granting Related Relief that I downloaded from the electronic docket maintained by the United States Bankruptcy Court for the Southern District of New York in the matter *In re General Motors Corp. et al.*, Case No. 09-50026.  This document appears at Docket No. 2968.

9.      On June 29, 2012, the deposition of Calvin Rapson was taken in this matter and recorded by a court reporter.  Exhibit 55 to the UAW's Reply Memorandum is a true and correct copy of an excerpt from the deposition transcript of Calvin Rapson.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

10.      On June 27, 2012, the deposition of Ronald Gettelfinger was taken in this matter and recorded by a court reporter.  Exhibit 56 to the UAW's Reply Memorandum is a true and correct copy of an excerpt from the deposition transcript of Ronald Gettelfinger.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

11.      Exhibit 57 to the UAW's Reply Memorandum is a true and correct copy of a press release by General Motors dated October 6, 2009 entitled "GM Statement on Delphi's Emergence from Bankruptcy and the Closing of the Components and Steering Transactions" that I downloaded from the General Motors website at:

http://media.gm.com/media/us/en/gm/news.detail.html/content/Pages/news/us/en/2009/Oct/1006_Stmt_Delphi.html (last visited 1/15/13).

12.      On May 31, 2012, the deposition of Richard Westenberg was taken in this matter and recorded by a court reporter.  Exhibit 58 to the UAW's Reply Memorandum is a true and correct copy of an excerpt from the deposition transcript of Richard Westenberg.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

13.      On September 12, 2012, the deposition of Andrew Yearley was taken in this matter and recorded by a court reporter.  Exhibit 59 to the UAW's Reply Memorandum is a true

3

and correct copy of an excerpt from the deposition transcript of Andrew Yearley.  This exhibit is being filed under seal pursuant to ¶ 7 of the Stipulated Confidentiality Protective Order (Dkt No. 23) because it contains material designated confidential by General Motors.

14.     Exhibit 60 to the UAW's Reply Memorandum is a true and correct copy of an excerpt of Delphi's (A) Supplement To Motion For Order (I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Request To Set Administrative Expense Claims Bar Date And Alternative Sale Hearing Date that I downloaded from the electronic docket maintained by the United States Bankruptcy Court for the Southern District of New York in the matter *In re Delphi Corporation et al.*, Case No. 05-44481.  This document appears at Docket No. 16646.

15.     Exhibit 61 to the UAW's Reply Memorandum is a true and correct copy of the Affidavit of Frederick A. Henderson Pursuant to Local Bankruptcy Rule 1007-2 (without exhibits) that I downloaded from the electronic docket maintained by the United States Bankruptcy Court for the Southern District of New York in the matter *In re General Motors Corp. et al.*, Case No. 09-50026.  This document appears at Docket No. 21.


I declare under penalty of perjury that the foregoing is true and correct.  Executed in Washington D.C. on January 15, 2013.

Ramya Ravindran

4