IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | 2:10-cv-11366-AC-MJH<br><br><br><br>**Honorable Avern Cohn**<br>**Magistrate Judge Michael Hluchaniuk** |

**PLAINTIFF UAW's SUPPLEMENTAL STATEMENT OF MATERIAL FACTS**

On May 31, 2013, this Court issued an Order stating that the parties' pending cross-motions for summary judgment present an issue as to "whether or not [New] GM agreed to be bound by the terms of the [2007] MOU," and further stating that it appears that resolution of that issue "depends on the events which occurred from September 26, 2008 (the date of the Implementation Agreement between Delphi, UAW, and Old GM) to July 5, 2009 (the date of the approval of the § 363 sale of Old GM)." Dkt. 61 at 2. Against that background, the Court directed the UAW to file within 20 days a Supplemental Statement of Material Facts respecting these "relevant events." Those Material Facts are as follows:

1. On June 1, 2009, General Motors Corporation ("Old GM") filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. (Dkt No. 1, *In re General Motors Corp. et al.*, Case No. 09-50026 (Bankr. S.D.N.Y.))

2. On the same day that it filed for bankruptcy, Old GM filed a motion with the bankruptcy court to approve a sale of Old GM's assets to New GM pursuant to a proposed

1

Master Sale and Purchase Agreement under Section 363 of the Bankruptcy Code.  (Dkt. No. 92, *In re General Motors Corp. et al.*, Case No. 09-50026 (Bankr. S.D.N.Y.))

3. On June 26, 2009, Old GM, New GM and certain other third parties entered into an Amended and Restated Master Sale and Purchase Agreement ("June 26, 2009 MPA").  (Ex. 10, June 26, 2009 MPA)

4. Under sections 2.1, 2.2(a)(x), and 2.3(a)(ii) of the June 26, 2009 MPA, New GM agreed to "assume and thereafter pay or perform as and when due, or otherwise discharge, *all* of the Assumed Liabilities" set out in various "Purchased Contracts," one of which was the "UAW Collective Bargaining Agreement."  (*Id.* at p. 23 § 2.1 (emphasis added), p. 25 § 2.2(a)(x), p. 28 § 2.3(a)(ii); *see also id.* at pp. 76-77 § 6.17(f))

5. For these purposes, "Liabilities" is defined in the June 26, 2009 MPA to mean "any and all liabilities and obligations of every kind and description whatsoever, whether such liabilities or obligations are known or unknown, disclosed or undisclosed, matured or unmatured, accrued, fixed, absolute, *contingent*, determined or undeterminable, on or off-balance sheet or otherwise, or due or to become due, including Indebtedness and those arising under any Law, Claim, Order, Contract or otherwise."  (*Id.* at p.11 (emphasis added))

6. Under the terms of the June 26, 2009 MPA, New GM's assumption of the "UAW Collective Bargaining Agreement" was a non-waivable condition of the closing of the sale transaction.  (*Id.* at p. 90 § 7.2(d), p. 93 § 7.3(h))

7. Subject to one exclusion not relevant here, the June 26, 2009 MPA defines the term "UAW Collective Bargaining Agreement" to mean "any written or oral Contract, understanding or mutually recognized past practice between [Old GM] and the UAW with respect to Employees."  (*Id.* at p. 21)

8.   The June 26, 2009 MPA defines the term "Employees" to mean, *inter alia*, "any current, *former* or retired employees" of Old GM or its affiliates.  (*Id.* at p. 6 (emphasis added))

9.   Virtually all of the Delphi retirees covered by the 2007 MOU are *former* employees of Old GM by virtue of their employment at Delphi prior to Delphi's 1999 spin-off from GM.  The 2007 MOU is therefore part of the "UAW Collective Bargaining Agreement" as that term is defined in the June 26, 2009 MPA.  (Ex. 11, Declaration of Daniel Sherrick ("Sherrick Decl."), at ¶ 13; Defendant General Motors LLC's Responses to Plaintiff UAW's Statement of Material Facts (Dkt. No. 42), at ¶ 46)

10.   On July 5, 2009, the bankruptcy court presiding over the Old GM bankruptcy approved the June 26, 2009 MPA.  (Ex. 62, Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., A U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection With The Sale; and (III) Granting Related Relief ("July 5, 2009 GM Sale Order") (attached hereto))

11.   The July 5, 2009 GM Sale Order expressly provides that, effective as of the closing of the sale transaction, New GM will assume "the UAW Collective Bargaining Agreement" – as that term is defined in the June 26, 2009 MPA – "and *all* liabilities thereunder." (*Id.* at p.1 n.1, p. 12 ¶ Z (emphasis added); *see also id.* at p.16 ¶ FF; p.29 ¶ 22)

12.   The provisions of the June 26, 2009 MPA and the July 5, 2009 GM Sale Order dealing with New GM's assumption of the "UAW Collective Bargaining Agreement" do not distinguish between, or otherwise carve out any, individual terms of the "UAW Collective Bargaining Agreement."  Rather, by operation of these provisions, New GM assumed "all" of the liabilities of the "UAW Collective Bargaining Agreement," without any stated exceptions.  By

virtue of the fact that the 2007 MOU is part of the "UAW Collective Bargaining Agreement," *see supra* ¶ 9, one of those assumed liabilities is the $450 million contingent payment obligation at issue in this litigation. (Ex. 10 at p.11 ("Liabilities"), p. 23 § 2.1, p. 25 § 2.2(a)(x), p. 28 § 2.3(a)(ii), pp. 76-77 § 6.17(f); Ex. 62 at p.12 ¶ Z, p.16 ¶ FF, p.29 ¶ 22)

13. Subsequent to the approval of the June 26, 2009 MPA by the July 5, 2009 GM Sale Order, and with the exception of the $450 million payment obligation in dispute in this litigation, New GM has been performing the obligations of Old GM set out in the 2007 MOU, including "topping up" pension benefits for thousands of Delphi retirees at significant cost to New GM. (Ex. 11, Sherrick Decl. at ¶ 12)

14. On February 24, 2010, New GM filed a brief in the bankruptcy court presiding over the Delphi bankruptcy in which it made the following statement regarding its assumption of the 2007 MOU: "Pursuant to the GM Sale Order, *New GM assumed the UAW 2007 MOU* (which is included as a 'UAW Collective Bargaining Agreement' as that term is used in the GM Sale Order), and thus agreed, *among other things*, to top up the pension benefits of the covered UAW employees of the [Delphi] Debtors." (Ex. 22, Reply of General Motors LLC (f/k/a General Motors Company) to Objection to Motion to Enforce Modified Plan and Plan Modification Order, at p. 8 ¶ 19 (emphasis added))

Respectfully submitted,

/s/ ANDREW D. ROTH
| | |
|---|---|
| Jeffrey D. Sodko (P65076) | Andrew D. Roth (DC Bar 414038) |
| jsodko@uaw.net | aroth@bredhoff.com |
| Associate General Counsel, | Ramya Ravindran (DC Bar 980728) |
| International Union, UAW | rravindran@bredhoff.com |
| 8000 East Jefferson Avenue | W. Gary Kohlman (DC Bar 177527) |
| Detroit, Michigan 48214 | gkohlman@bredhoff.com |
| Telephone: (313) 926-5216 | BREDHOFF & KAISER, PLLC |
| Facsimile: (313) 926-5240 | 805 Fifteenth Street, N.W., Suite 1000 |
| | Washington, D.C. 20005 |
| | Telephone: (202) 842-2600 |
| | Facsimile: (202) 841-1888 |
| Dated:  June 19, 2013 | *Counsel for Plaintiff UAW* |

CERTIFICATE OF SERVICE

    I hereby certify that on June 19, 2013, I electronically filed the foregoing UAW's Supplemental Statement of Material Facts with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Robert S. Walker
Email: rswalker@jonesday.com
Jones Day
North Point,   901 Lakeside Avenue
Cleveland, Ohio 44114

Johanna F. Parker
Email: jfparker@jonesday.com
Jones Day
North Point, 901 Lakeside Avenue
Cleveland, OH 44114-1190

Edward W. Risko
Email: edward.w.risko@gm.com
General Motors Corporation
Legal Staff
300 Renaissance Center
Suite MC 482-C24-C66
Detroit, MI 48265-3000

                /s/ ANDREW D. ROTH
                Andrew D. Roth (DC Bar 414038)
                **Bredhoff & Kaiser, PLLC**
                805 Fifteenth Street, N.W., Suite 1000
                Washington, DC 20005
                (202) 842-2600
                Email: aroth@bredhoff.com